DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Michelle L. Raby, appeals the decision of the Wayne County Municipal Court, which sentenced her to 180 days in jail. We affirm.
 {¶ 2} On December 19, 2004, Defendant went out with her ex-husband, Jason Raby, her sister and her brother-in-law. Defendant and Jason Raby were previously married and had two minor children together. Defendant left her two children at the home of James Raby, Jason's father, in James Raby's care. While out, Defendant became intoxicated and caused some problems at the bar they visited. Jason Raby left the bar, and Defendant followed him. They arrived at James Raby's house, where Defendant became "irate" and "agitated" when she attempted to retrieve her sleeping children from James Raby. James Raby attempted to keep Defendant out of the children's bedroom because of her intoxicated state. During this time, Defendant bit James Raby on his upper arm. Defendant also bit Jason Raby and scratched his face and arms as he tried to restrain her.
 {¶ 3} On December 20, 2004, Defendant was charged with one count of assault, in violation of R.C. 2903.13(A), and one count of domestic violence, in violation of R.C. 2919.25(A). Both charges are misdemeanor offenses. Defendant pled not guilty to both charges on December 21, 2004.
 {¶ 4} A bench trial was set for March 10, 2005, in which Defendant, while represented by counsel, changed her plea to no contest. The trial court sentenced Defendant to pay court costs and to serve 90 days in jail for each charge, to be served consecutively, for a total of 180 days.
 {¶ 5} Defendant appealed, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court abuse [sic] its discretion in sentencing [Defendant] to jail terms for misdemeanor convictions without considering the factors and criteria contained in R.C. 2929.22
and 2929.21."
 {¶ 6} In her first assignment of error, Defendant argues that the trial court abused its discretion when it sentenced her to 180 days in jail because the trial court did not consider the factors set forth in R.C. 2929.22 and 2929.21, which involve the penalties for misdemeanor offenses. We disagree.
 {¶ 7} "Generally, sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute."Cuyahoga Falls v. Bradley, 9th Dist. No. 21979, 2004-Ohio-4583, at ¶ 5, citing State v. Pass (Dec. 30, 1992), 6th Dist. No. L-92-017. However, it is well recognized that a trial court abuses its discretion when, in imposing sentence for a misdemeanor, it fails to consider the factors set forth in R.C.2929.22. Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 156. Nevertheless, a judge is presumed to have considered the enumerated factors absent an affirmative showing to the contrary.State v. Overholt (Aug. 18, 1999), 9th Dist. No. 2905-M, at 16.
 {¶ 8} R.C. 2929.22 regulates misdemeanor sentencing and, although none of the criteria mandate a particular result, the trial court must consider the factors it sets forth. State v.Jones, 9th Dist. No. 02CA0018, 2003-Ohio-20 at ¶ 7. R.C.2929.22(B)(1) requires that the following factors be considered in imposing sentence for a misdemeanor:
"(a) The nature and circumstances of the offense or offenses;
"(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
"(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
"(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
"(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section."
 {¶ 9} While it is preferable that the trial court state on the record that it has considered the statutory criteria, the statute imposes no requirement that it do so. State v. Polick
(1995), 101 Ohio App.3d 428, 431. Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by Defendant that it did not. Overholt, supra, at 16.
 {¶ 10} Defendant argues that there is nothing in the record to indicate that the trial court adhered to R.C. 2929.22, as evidenced by the trial court's imposition of the total 180-day jail sentence. Defendant appeared before the trial court on March 10, 2005, to offer her no contest plea, at which time the prosecutor offered a review of the events which led to Defendant's arrest. Defendant argues that because the prosecutor stated to the judge "[Defendant] was trying to get her kids," and the fact that Jason Raby and James Raby were the ones forcibly restraining her, which caused her to become aggressive, the trial court did not take these facts into consideration when sentencing Defendant. Defendant also argues that there is no indication that she has a history of persistent criminal activity that would indicate she would commit another offense.
 {¶ 11} This Court finds both arguments to be meritless. Defendant did not dispute any of the prosecutor's recalled facts about the evening of December 19, 2004, and thus we conclude that her state of intoxication was directly linked to her instigating the assault on her ex-husband and former father-in-law. At the sentencing hearing, Defendant's counsel characterized the incident as "[a] ruckus, disorderly conduct [and] violent behavior" that was caused by Defendant's intoxication. Thus, we cannot conclude that Defendant was the victim in this situation. The prosecutor also stated at the sentencing hearing that Defendant has three prior convictions involving assault and disorderly conduct. This Court is unable to agree with Defendant that there is no indication that she would commit another offense based on her past criminal history.
 {¶ 12} Furthermore, a presentence investigation report was ordered by the trial court, who stated:
"I want to know more about the entire background, the circumstances, what is going on, the children, their relationship. The Court has a difficult time imposing a sentence when they don't know and have statements from, not only the defendant, but the victims, relative to the overall circumstances[.]"
The presentence investigation was completed by the Wayne County Municipal Court Probation Department. As such, there is a presumption that the trial court utilized it in imposing its sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, at 5, citing State v. Koons (1984), 14 Ohio App.3d 289,291. As Defendant failed to include the presentence report in the record, this Court cannot properly review the trial court's decision. This Court has no choice but to presume the validity of the trial court's sentencing proceeding. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773, at 5. As such, Defendant has not revealed any portion of the record that rebuts the presumption that the trial court properly considered the enumerated factors in R.C. 2929.22. Therefore, we find no error was committed by the trial court in sentencing Defendant. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The Defendant was not provided with effective assistance of counsel as required under the [S]tate and [F]ederal Constitution."
 {¶ 13} In her second assignment of error, Defendant claims that she was denied effective assistance of counsel. Specifically, Defendant asserts that her trial counsel should have raised a self-defense claim on her behalf, and his failure to do so caused Defendant to be prejudiced. We disagree.
 {¶ 14} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 15} To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 16} This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland,466 U.S. at 690. The defendant must first identify the acts or omissions of his attorney that she claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. An appellate court may analyze the second prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See State v.Loza (1994), 71 Ohio St.3d 61, 83. Furthermore, there is a strong presumption that licensed attorneys in Ohio are competent.State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 17} Defendant argues that her counsel had a duty to her to explore and assert a self-defense claim on her behalf. She contends that the facts of the case outlined by the prosecutor that the restraint upon her exercised by her former husband and former father-in-law "clearly show[s] that [Defendant] was reacting to Jason and James Raby holding her back and ultimately holding her down."
 {¶ 18} We note that nowhere in the record is there a showing that the errors Defendant asserts would have affected the judgment of the trial court. Defendant cannot demonstrate that there was a "reasonable probability that, were it not for counsel's errors * * * the result of the trial would have been different." State v. Shirley (Jan. 2, 2001), 9th Dist. No. 20569, 2002-Ohio-31, at 14, citing Bradley, 42 Ohio St.3d 136, at paragraph three of the syllabus. Debatable trial tactics also do not give rise to a claim of ineffective assistance of counsel.State v. Clayton (1980), 62 Ohio St.2d 45, 49. With the foregoing legal standard in mind, we overrule Defendant's second assignment of error.
 {¶ 19} Defendant's two assignments of error are overruled, and the judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Moore, J. Concur.