DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gregory Chavers ("Chavers"), appeals from the decision of the Wayne County Common Pleas Court. This Court affirms.
 I. {¶ 2} On September 8, 2006, in case number 06-CR-0392, Chavers was indicted on two counts of trafficking in drugs in the vicinity of a minor, in violation of R.C. 2925.03. Chavers pled not guilty to the charges. On April 9, 2007, a bill of information was filed on one count of permitting drug use, in violation of R.C. 2925.13, and one count of possession of cocaine, in violation of R.C. 2925.11. On April 9, 2007, Chavers pled guilty to the charges in the bill of information and the State dismissed the indictment. In its April 10, 2007 judgment entry, the trial court entered a finding of guilty on the bill of information charges and referred Chavers to the Adult Probation Department for a presentence investigation and report. On April 16, 2007, *Page 2 
Chavers filed a written waiver of indictment and requested that the trial court proceed under the bill of information filed on April 9, 2007 instead of an indictment.
 {¶ 3} On February 16, 2007, in case number 07-CR-0104, Chavers was indicted on one count of possession of cocaine in violation of R.C.2925.11, and one count of possession of drug paraphernalia in violation of R.C. 2925.14. On February 28, 2007, Chavers pled not guilty to the charges. On April 18, 2007, Chavers changed his plea to guilty of possession of cocaine. The State dismissed the possession of drug paraphernalia charge.
 {¶ 4} On May 23, 2007, a sentencing hearing was held. This hearing combined case numbers 06-CR-0392 and 07-CR-0104. Chavers was sentenced to 18 months of community control. On May 29, 2007, Chavers filed a notice of appeal. We dismissed his appeal, finding that the trial court had not issued a final, appealable order. On August 28, 2007, the trial court issued a nunc pro tunc order, satisfying the requirements of a final, appealable order. On August 31, 2007, Chavers filed his notice of appeal. He has raised four assignments of error for our review. We have combined some assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT LET THE PROBATION DEPT. GIVE CONDITION(S) THAT WAS NOT PART OF [CHAVERS'] CRIME OR RAISED IN ANY OF THE SENTENCING PHASE[.]"
 {¶ 5} In his first assignment of error, Chavers contends that the trial court erred when it let the probation department give conditions that were not part of his crime nor raised at the sentencing phase. We do not agree.
 {¶ 6} We first note that Chavers argues that his conviction was against the manifest weight of the evidence. However, Chavers pled guilty to the charges below. "A guilty plea *Page 3 
waives a defendant's right to challenge sufficiency or manifest weight of the evidence." State v. Jamison, 2d Dist. No. 21165, 2006-Ohio-4933, at ¶ 38. Accordingly, we will disregard any reference to manifest weight in Chavers' argument here as well as in his assigned errors below.
 {¶ 7} It appears that Chavers is challenging the reasonableness of his community control conditions. He argues that because he was convicted of drug related charges, the requirements that he obtain drug/alcohol counseling and submit to "periodic, random drug/alcohol testing" is unreasonable. Specifically, he states that "there is no relationship btween (sic) [his] conviction and the non-comsumption (sic) of alcohol, there is nothing at all in the record that alcohol was involved in the crime."
 {¶ 8} A trial court has broad discretion in imposing conditions of community control. Lakewood v. Hartman (1999), 86 Ohio St.3d 275, 277. As such, the imposition of these conditions is reviewed under an abuse of discretion standard. State v. Talty, 103 Ohio St.3d 177,2004-Ohio-4888, at ¶ 10. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} The reasonableness of community control conditions must be evaluated using the three-prong test set forth in State v. Jones (1990),49 Ohio St.3d 51, 53. As such, this Court should
 "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id.
 {¶ 10} In its sentencing entry, the trial court noted that "[t]he court has considered the pre-sentence report, the victim impact statement and the oral statements made during the sentencing hearing[.]" While the record before us does contain a transcript of the sentencing *Page 4 
hearing, it does not contain the presentence report to which the sentencing entry refers. At the sentencing hearing, Chavers' counsel stated that he "does have a prior record[.]" Further, we note that in his reply brief to this Court, Chavers conceded two prior DUI convictions. As the trial court stated that it considered a presentence report, there is some indication that the trial court was informed of these prior convictions, as well as any other facts surrounding the instant case.
 {¶ 11} We have stated that when a presentence investigation was completed there is a presumption that the trial court utilized it in imposing its sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, at *2, citing State v. Koons (1984), 14 Ohio App.3d 289, 291. As Chavers has failed to include the presentence report in the record, we cannot properly review the underlying facts of this case. State v.Meyers, 9th Dist. No. 06CA0003, 2006-Ohio-5958, at ¶ 13. Accordingly, we have no choice but to presume the validity of the trial court's sentence. Id., citing State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773, at *2. Accordingly, Chavers' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT LET THE PROBATION OFFICER SIGN [CHAVERS'] NAME TO A[N] OFFICIAL DOCUMENT INWHICH (SIC) WAS NOT [CHAVERS'] SIGNATURE BUT, THAT OF THE PROBATION OFFICER'S SIGNATURE."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN THE PROBATION OFFICER CALLED [CHAVERS'] DOCTOR AND ORDERED HIM TO STOP GIVING ANY TYPE OF MEDICATION(S) THAT WAS PERSCRIBED (SIC) TO [CHAVERS]."
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ERRED WHEN IT LET THE PROBATION OFFICER TESTIFY ABOUT THE 1ST AND 2ND URINE TESTS HAD IN THE PROBATION HEARING." *Page 5 
 {¶ 12} In his second, third, and fourth assignments of error, Chavers contests various actions that occurred during the terms of his community control.
 {¶ 13} At the outset, we note that Chavers was sentenced on May 24, 2007. He filed his initial notice of appeal with this Court on May 29, 2007. In his notice, Chavers stated that he was appealing from the judgment of the trial court in case numbers 06-CR-0392 and 07-CR-0104. Similarly, in his August 31, 2007 notice of appeal, Chavers stated that he was appealing from the judgment/conviction entered in case numbers 06-CR-0392 and 07-CR-0104.
 {¶ 14} Throughout these three assignments of error, Chavers refers to community control violations that we deduce occurred after his sentence was imposed on May 24, 2007. Specifically, his second of assignment of error pertains to his "Departmental Reprimand for the wanton of a first violation" of his probation. His fourth assignment of error requests this Court to review actions that occurred at the June 12, 2007 community control violation hearing.[1] According to App.R. 3(D), a notice of appeal "shall designate the judgment, order or part thereof appealed from[.]"
 "An appellate court "is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal. This promotes the purpose of App.R. 3(D): to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from." (Internal citations and quotations omitted.) State v. Dixon, 9th Dist. No. 21463, 2004-Ohio-1593, at ¶ 7.
 {¶ 15} As Chavers has not appealed from any orders relating to the community control violations referenced in his second, third, and fourth assignment of error, we find that we are *Page 6 
without jurisdiction to review these assigned errors. Accordingly, we decline to address Chavers' second, third, and fourth assignments of error.
 III. {¶ 16} Chavers' first assignment of error is overruled. We decline to address his second, third, and fourth assignments of error. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 7 
CARR, P. J., SLABY, J., CONCUR.
[1] In his third assignment of error, Chavers contends that his probation officer called his doctor and ordered him to stop giving Chavers prescribed medication. However, Chavers does not substantiate this claim with any references to the record. App.R. 12. Accordingly, we do not know when this alleged conversation occurred. Regardless, we deduce that this incident would have necessarily occurred subsequent to his notice of appeal. *Page 1