DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Richard Coryell appeals his sentence from the Summit County Court of Common Pleas. He argues that the trial court abused its discretion by imposing the maximum jail sentence without considering mitigating circumstances, by granting a judgment in favor of the City of Akron in the amount of the fine ordered, and by also sentencing him to three years of probation in addition to the maximum jail term.
 FACTS {¶ 2} On the evening of December 15, 2006, Coryell and a male friend, both under the age of 21, picked up two juvenile, female acquaintances. The group then spent the evening drinking at the house of Coryell's friend. Eventually, the group was told to leave the friend's house and the boys dropped the girls off on the street in another neighborhood. The girls were highly intoxicated and were not able to find their way home. One of the girls was found *Page 2 
unconscious in a yard and the other was able to contact someone for help. Evidence showed that at least one of the girls was sexually assaulted that evening.
 {¶ 3} Coryell was indicted on two counts of rape, one count of sexual battery, and one count of gross sexual imposition. Ultimately, the evidence did not demonstrate that Coryell had sexually assaulted either girl.
 {¶ 4} On May 19, 2008, in the Summit County Court of Common Pleas, Coryell pled guilty to one count of contributing to the delinquency of a minor, a violation of R.C. 2919.24 and a misdemeanor of the first degree, and one count of underage consumption, a violation of R.C. 4301.69(E), also a first-degree misdemeanor. The judge held sentencing in abeyance pending a presentence investigation report and a victim impact statement.
 {¶ 5} On June 18, 2008, the judge sentenced Coryell to serve consecutive six-month jail terms on each count. The judge suspended three months of the jail sentence on the condition that Coryell complete three years of probation, with the first 90 days in a work release program. Coryell was also ordered to pay a fine of $500.00. The judgment entry created a judgment in favor of the City of Akron in the amount of $500.00. The court's judgment entry of sentencing was not entered until June 24, 2008.
 {¶ 6} On July 24, 2008, Coryell filed a notice of appeal and a motion to stay execution of his sentence pending appeal. The trial court granted the motion to stay. However, on July 28, 2008, Coryell also filed a motion to modify his sentence.
 {¶ 7} On August 4, 2008, the judge entered a judgment entry removing the probation requirement and ordering Coryell to six months of incarceration on each charge to be served consecutively. The $500.00 fine was not modified. *Page 3 
 STANDARD OF REVIEW {¶ 8} We begin by noting that the trial court modified Coryell's sentence after he filed his notice of appeal. "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment." Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St. 3d 43,44, quoting In re Kurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus. In the instant matter, the trial court did not have jurisdiction to amend Coryell's sentence while an appeal of the sentence was pending. See id. Thus, we confine our review to the sentencing entry dated June 24, 2008.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio determined that certain portions of Ohio's sentencing statutes were unconstitutional to the extent that they required trial courts to make findings of fact with respect to sentencing.Foster at paragraphs one through seven of the syllabus. The Court declared that the unconstitutional portions of the statutes be "severed." Id. Post Foster, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 10} Following Foster, a plurality of the Supreme Court of Ohio declared that appellate courts should implement a two-step test when reviewing sentencing. State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, at ¶ 26. The Court stated:
 "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." Id. *Page 4 
 MAXIMUM SENTENCE {¶ 11} In his first assignment of error, Coryell contends that the trial court abused its discretion by sentencing him to the maximum sentence on each count.
 {¶ 12} We initially consider whether the sentence is contrary to law. In so doing, we examine whether the trial court complied with applicable rules and statutes. Kalish at ¶ 26.
 {¶ 13} Each of Coryell's convictions were first-degree misdemeanors. The sentence ordered for a conviction of a first-degree misdemeanor may be any term not exceeding 180 days. R.C. 2929.24(A)(1). Coryell was convicted of two first-degree misdemeanors and was sentenced to consecutively serve six months on each conviction, with three months suspended. The court's judgment entry states that Coryell was granted credit for time served of 42 days, that he must serve 228 days in jail, and then he will be released to complete 90 days in the work release program. Thus, Coryell's total term of jail is 270 days; R.C. 2929.24(A)(1) would allow up to 360 days of jail time for the two offenses. Coryell's sentence is not contrary to law as it is within the length of the possible sentence authorized by statute. See State v.Banks, 9th Dist. No. 24259, 2008-Ohio-6432, at ¶ 8. See, also, State v.Trifari, 9th Dist. No. 08CA0043-M, 2009-Ohio-667, at ¶ 15.
 {¶ 14} Next, we examine whether the trial court abused its discretion in imposing the sentence.
 "An abuse of discretion is more than error of law or judgment. It implies perversity of will, passion, prejudice, partiality or moral delinquency. In order for a trial court to abuse its discretion, the result of its determination must be so grossly violative of fact and logic that such result evidences the exercise of passion or bias instead of reason." State v. Brooks, 9th Dist. No. 07CA0111-M, 2008-Ohio-3723, at ¶ 46. (Internal quotations and citations omitted.)
 {¶ 15} Specifically, Coryell asserts that the trial court failed to consider the factors outlined in R.C. 2929.21 and 2929.22. A misdemeanor sentence must be "reasonably calculated *Page 5 
to achieve the two overriding purposes of misdemeanor sentencing[,]" namely "to protect the public from future crime" and "to punish the offender." R.C. 2929.21 (A) and (B). The sentencing judge must consider the seriousness of the crime and the effect on the victim as well as the need to rehabilitate the offender and change the offender's behavior. R.C. 2929.21(A) and (B). R.C. 2929.22 requires the trial judge to consider the following factors when imposing a jail term:
 "(a) [t]he nature and circumstances of the offense or offenses;
 "(b) [w]hether the circumstances regarding the offender and the offense or the offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 "(c) [w]hether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 "(d) [w]hether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 "(e) [w]hether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section." R.C. 2929.22(B)(1).
The court may also consider any other factors relevant to achieving the purposes of sentencing as provided in R.C. 2929.21. R.C. 2929.22(B)(2).
 {¶ 16} The trial court is not required to state on the record that it considered the above statutory factors. State v. Raby, 9th Dist. No. 05CA0034, 2006-Ohio-1314, at ¶ 9. Thus, we presume that the trial court gave due regard to the statutory factors absent an affirmative showing to the contrary. Id. Following Foster, the trial court has full discretion to impose maximum *Page 6 
and/or consecutive sentences and need not state its reasoning for doing so. Banks at ¶ 10, quoting Foster at paragraph seven of the syllabus.
 {¶ 17} The trial court conducted a sentencing hearing on June 18, 2008. The prosecutor presented evidence with respect to the details of the incident including the fact that the victims were left outside at night in December, and that both victims, ages 15 and 16, had high levels of alcohol in their blood, one at .147, the other at .20. The prosecutor commented that Coryell's conduct "* * * [was] more egregious than what we normally see in cases of underage consumption and permitting others to drink." The mother of the victim who had been found unconscious also addressed the court. She stated that the victims were left outside without coats or shoes. She detailed the condition of her daughter after the incident and the events that took place when her daughter was taken to the hospital to be examined for evidence of sexual assault. Coryell's counsel also presented some factual background and stated that Coryell acknowledged his role in the incident. He did not object to any of the facts offered at the hearing. Coryell also addressed the court before sentencing. He admitted to exercising poor judgment and explained that he has made attempts to place himself back on the proper course, including securing full-time employment and moving in with his mother.
 {¶ 18} The court then stated that it considered the facts and circumstances of the offenses and the relevant sentencing factors. The judge stressed the need for Coryell to change his life and expressed concern that Coryell gave the impression that he had "gotten away with something." He stated his intention that Coryell spend some time in jail, but also wanted him to rehabilitate himself by participating in a drug and alcohol assessment and the work release program. *Page 7 
 {¶ 19} Additionally, the court ordered a presentence investigation report. We presume that the court utilized the information in the report when issuing its sentence. Raby at ¶ 12. As Coryell did not provide this Court with a copy of the presentence investigation report, we may not fully review the trial court's sentence to determine what information was contained in the report that may have informed the trial court's sentencing decision. Id. See, also, Trifari at ¶ 19.
 {¶ 20} In his appellate brief, Coryell cites facts he characterizes as mitigating factors that he alleges the trial court failed to consider, including, that all the participants were drinking underage, that the boys intended to take the girls back to the party from which they came, but instead left the intoxicated girls in the street, and that, at sentencing, Coryell took responsibility for his actions. However, based on the transcript of the sentencing hearing, the trial court was aware of these facts prior to sentencing. Moreover, the court may not have deemed all of these facts to be mitigating in nature. Coryell has pointed to no other specific facts demonstrating an abuse of discretion.
 {¶ 21} The trial court had a plethora of information before it with respect to Coryell, the incident, and the impact on the victims. The record in this case is clear that this was not a typical underage consumption incident where the person charged with the offense committed an act that affected only the defendant. Here, the record demonstrates that Coryell's actions significantly affected the victims in this case — a fact that appears central to the trial court's sentencing decision. The judge stated that he considered the applicable sentencing factors and was concerned with punishing Coryell as well as rehabilitating him. Based on the record before this Court we cannot conclude that the trial court abused its discretion in sentencing Coryell to maximum, consecutive sentences. *Page 8 
 THE FINE AND COMBINATION OF SENTENCES {¶ 22} In Coryell's statement of his second assignment of error, he asserts that the trial court abused its discretion by: (1) granting a judgment in favor of the City of Akron in the amount of the fine; and, (2) sentencing Cory ell to the maximum jail sentence on each count, plus, three years of probation.
Fine {¶ 23} Coryell argues that the trial court inappropriately converted the fine to a judgment in favor of the City.
 {¶ 24} Pursuant to R.C. 2929.28(A), the court imposing a sentence upon a misdemeanor offender may also order the offender to pay one or more financial sanctions. See, also, R.C. 2929.22(A). For a misdemeanor of the first degree, each fine may be in an amount up to $1,000.00. R.C. 2929.28(A)(2)(a)(i). The statute further provides that the court may conduct a hearing to determine the offender's ability to pay the financial sanction imposed. R.C. 2929.28(B). However, the court is not required to hold such a hearing. State v. Chavers, 9th Dist. No. 04CA0022, 2005-Ohio-714, at ¶ 6.
 {¶ 25} Also, R.C. 2929.28(D) provides: "* * * a financial sanction imposed under division (A) of this section is a judgment in favor of thestate or the political subdivision that operates the court that imposedthe financial sanction, and the offender subject to the financial sanction is the judgment debtor." (Emphasis added.)
 {¶ 26} Before accepting Coryell's plea, the judge informed him that he could assess a fine of up to $1,000.00 for each count. At the sentencing hearing, Coryell informed the court that he had moved home with his mother and attained full-time employment. The judge ultimately ordered Coryell to pay a fine in the amount of $500.00. Counsel did not object to the *Page 9 
fine at the sentencing hearing. Pursuant to R.C. 2929.28(D), the court ordered a judgment in favor of the City of Akron in the amount of the fine assessed.
 {¶ 27} Accordingly, we determine that the trial court did not abuse its discretion with respect to the fine assessed against Coryell.
Jail and Probation {¶ 28} Coryell contends that the trial court abused its discretion by imposing the maximum jail sentence and ordering a term of probation. Coryell cites no law in support of this position and we have discovered none. To the contrary, R.C. 2929.22(A) states that a court imposing a sentence for a misdemeano" * * * may impose on the offender any sanctionor combination of sanctions under sections 2929.24 to 2929.28 of theRevised Code"(Emphasis added.) R.C. 2929.24(A) authorizes the imposition of a jail sentence, and R.C. 2929.25(A)(1)(b) permits the trial court to "[i]mpose a jail term under [R.C] 2929.24 * * *, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions * * *."
 {¶ 29} In the instant matter, the trial judge sentenced Coryell to the maximum sentence on each count. The judge then suspended a portion of the sentence pertaining to underage consumption on the condition that Coryell successfully complete a term of probation. R.C. 2929.25(A)(1)(b) specifically authorizes such a sentence.
 {¶ 30} In light of the above, we are not persuaded that the sentence constitutes an abuse of discretion.
 CONCLUSION {¶ 31} Coryell's assignments of error are overruled. The judgment of the *Page 10 
Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, P. J., DICKINSON, J. CONCUR *Page 1