[Cite as *State v. Goff*, 2011-Ohio-3378.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 10CA29 |
| v. | : | |
| | : | DECISION AND |
| Kenneth E. Goff, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | File-stamped date:  6-30-11 |

_____

APPEARANCES:

Chandra L. Ontko, Cambridge, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Kevin A. Rings, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Kenneth E. Goff (hereinafter "Goff") appeals the judgment of the Washington County Court of Common Pleas.  Goff pled guilty to four counts of gross sexual imposition.  Goff's appellate counsel has advised this court that, after reviewing the record, she cannot find a meritorious claim for appeal.  As a result, Goff's appellate counsel has moved to withdraw under *Anders v. California* (1967), 386 U.S. 738.  After independently reviewing the record, we agree that Goff's appeal is wholly frivolous.  Accordingly, we (1) grant counsel's request to withdraw and (2) affirm the judgment of the trial court.

I.

{¶2}     On March 30, 2010, Goff was indicted on six counts of gross sexual imposition, each with a specification that the victim was less than thirteen years of age.

Goff eventually pled guilty to four counts of gross sexual imposition. The State dismissed two counts as well as the specifications for each count.

{¶3}    The trial court held a change of plea hearing on July 22, 2010. At the hearing, the State outlined the factual basis for the charges against Goff. The State asserted that counts one and two related to Goff's molestation of a twelve-year-old girl. In count three, the State asserted that Goff molested a girl who was about two years old. Finally, in count five, the State asserted that Goff molested a third girl who was also two years old at the time of the incident. After providing some vague responses to the trial court regarding whether he committed the alleged acts, Goff admitted that he molested the victims. According to the State, Goff "indicated throughout [the investigation] that he had a sexual urge to touch these children in this way, and that it was something that he couldn't control or couldn't help himself with." Tr. at 55. Goff subsequently confirmed that he wished to plead guilty to counts one, two, three, and five, which alleged violations of R.C. 2907.05(A)(4) for gross sexual imposition.

{¶4}    The trial court held a sentencing hearing on September 2, 2010. The trial court sentenced Goff to five years for each count, and the court ordered the sentences to run consecutively. Goff's aggregate prison sentence is twenty years.

II.

{¶5}    Although Goff has appealed his conviction, Goff's appellate counsel has filed both a motion to withdraw and an *Anders* brief. "In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany the request with a brief

identifying anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if meritorious issues exist. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. Alternatively, if the appellate court concludes that any of the legal points are arguable on their merits, it must afford the appellant the assistance of counsel to argue the appeal. Id." *State v. Wise,* Lawrence App. No. 08CA40, 2009-Ohio-5264, at ¶ 11. See, also, *State v. Taylor,* Montgomery App. No. 23833, 2010-Ohio-4276, at ¶2 (stating that an appellant must be afforded "time to file a pro se brief").

**{¶6}** Upon receiving an *Anders* brief, we must "conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" *Penson v. Ohio* (1988), 488 U.S. 75, 80, quoting *Anders* at 744. If we find only frivolous issues on appeal, we may then proceed to address the case on its merits without affording appellant the assistance of counsel. *Penson* at 80. However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80; see, also, *State v. Alexander* (Aug. 10, 1999), Lawrence App. No. 98CA29.

**{¶7}** Here, Goff's counsel has satisfied the requirements of *Anders.* And although Goff has not filed a pro se brief, Goff's counsel has raised the following potential

assignment of error: I. "THE JUDGMENT AGAINST THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III.

**{¶8}** In his sole potential assignment of error, Goff contends that the trial court's judgment was against the manifest weight of the evidence.

**{¶9}** Under Crim.R. 11(B)(1), a "plea of guilty is a complete admission of the defendant's guilt." Therefore, by pleading guilty, a defendant waives his right to argue that his conviction was against the manifest weight of the evidence. *State v. Loper*, Licking App. No. 09-CA-0043, 2009-Ohio-5919, at ¶7; *State v. Williams*, Lucas App. No. L-02-1221, 2004-Ohio-4856, at ¶12; *State v. Chavers*, Wayne App. No. 07CA0065, 2008-Ohio-3199, at ¶6; *State v. Jamison*, Montgomery App. No. 21165, 2006-Ohio-4933, at ¶38. Thus, on direct appeal, a defendant who pled guilty to an offense cannot assert that his conviction was against the manifest weight of the evidence. *Loper* at ¶7; *State v. Siders* (1992), 78 Ohio App.3d 699, 701.

**{¶10}** Accordingly, because Goff pled guilty to four counts of gross sexual imposition, he cannot claim, on direct appeal, that his convictions were against the manifest weight of the evidence. We overrule Goff's potential assignment of error.

IV.

**{¶11}** We find no merit in Goff's potential assignment of error. Furthermore, after fully examining the proceedings below, we have found no other potential issues for appeal. Because we agree that Goff's appeal is wholly frivolous, we (1) grant Goff's counsel's motion to withdraw and (2) affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Harsha, P.J. and McFarland, J.:  Concur in Judgment and Opinion.



For the Court


BY:_____
      Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**