[Cite as *State v. Pope*, 2014-Ohio-2864.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    13CA0031-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MITCHELL A. POPE | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    12CRB01015 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

WHITMORE, Judge.

{¶1}    Appellant, Mitchell A. Pope, appeals from the March 15, 2013 Judgment Entry and Sentence of the Medina Municipal Court.  This Court affirms.

I

{¶2}    In July 2012, Pope was charged with menacing by stalking, in violation of R.C. 2903.211(A)(1), and aggravated menacing, in violation of R.C. 2903.21(A).  Pursuant to a pre-trial agreement, Pope pled no contest to an amended charge of persistent disorderly conduct in violation of R.C. 2917.11(A) and the remaining charges were dismissed.

{¶3}    On March 15, 2013, following a presentence investigation, the court sentenced Pope to 30 days in jail with 20 days suspended.  The court also fined Pope $250.00 and placed him on 5 years of probation.  The court set various probation conditions including that Pope was "[n]ot to own or possess any firearms or ammunition or any other weapon," and authorized the

Medina City Police Department to secure those items.  Additionally, as part of his probation, the court indicated that Pope was to serve 60 days on house arrest.

{¶4}    On April 8, 2013, Pope filed a notice of appeal from the "judgment entered in this action on March 15, 2013."  Pope raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM TO 30 DAYS IN JAIL, 60 DAYS OF HOUSE ARREST, 5 YEARS PROBATION, AND MAXIMUM FINES IN VIOLATION OF OHIO LAW AND THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AND HIS RIGHT AGAINST IMPOSITION OF EXCESSIVE SENTENCES SET FORTH IN THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.

{¶5}    As a preliminary matter, we address the State's argument that this assignment of error is moot[1].  "An appeal from a misdemeanor conviction becomes moot when a defendant has *voluntarily* satisfied the judgment imposed upon him." (Emphasis sic.) *State v. Sanders*, 9th Dist. Summit No. 23504, 2007-Ohio-2898, ¶ 11, quoting *State v. Tolbert*, 9th Dist. Summit No. 21203, 2003-Ohio-2160, ¶ 6.  When a defendant's motion to stay execution of his sentence is denied, we cannot say the sentence was voluntarily served.  *Sanders* at ¶ 11.  In the present matter, Pope moved the trial court to stay execution of his sentence and that motion was denied.  Therefore, this appeal is not moot, and we turn to the arguments raised by Pope.

{¶6}    In his first assignment of error, Pope contends the sentence imposed by the trial court was "outside the statutory limits."  Pope also argues that the trial court failed to consider the factors in R.C. 2929.22(B) regarding misdemeanor sentences.

---

[1] The State also alleges that Pope failed to object to the sentence before the trial court.  The parties have not provided this Court with a transcript of the sentencing hearing; therefore, we are unable to ascertain whether Pope objected below.

{¶7} A trial court generally has discretion in sentencing. *State v. Schneider*, 9th Dist. Wayne No. 09CA0026, 2009-Ohio-6025, ¶ 6. "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *Id.* An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Pope pled no contest and was found guilty of persistent disorderly conduct, in violation of R.C. 2917.11(A). Persistent disorderly conduct is a fourth degree misdemeanor. R.C. 2917.11(E)(3)(a). The maximum jail term for a fourth degree misdemeanor is 30 days. R.C. 2929.24(A)(4). The maximum fine for a fourth degree misdemeanor is $250.00. R.C. 2929.28(A)(2)(a)(iv). Community control sanctions for a misdemeanor can be imposed for a duration "not exceed[ing] five years." R.C. 2929.25(A)(2).

{¶9} The trial court sentenced Pope to 30 days in jail with 20 days suspended, a $250.00 fine, and probation for 5 years including 60 days of house arrest. Standing alone, none of these sanctions exceed the statutory maximums. Therefore, Pope appears to be arguing that it is the combination of sanctions that are "outside the statutory limits."

{¶10} When sentencing for a misdemeanor, R.C. 2929.22(A) permits a trial court to "impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." A court is authorized to impose a maximum jail sentence, suspend a portion of that sentence, and order a term of probation. *State v. Coryell*, 9th Dist. Summit No. 24338, 2009-Ohio-1984, ¶ 28-29. R.C. 2929.25(A)(1)(b) provides a trial court may "[i]mpose a jail term under section 2929.24 of the Revised Code * * *, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions."

{¶11} While the trial court sentenced Pope to the maximum jail term permitted under R.C. 2929.24 for his offense, the trial court suspended a portion of that sentence. Therefore, the trial court was authorized pursuant to R.C. 2929.25(A)(1)(b) to impose community control sanctions.

{¶12} As a part of his probation, the trial court placed Pope under house arrest for 60 days. Community control sanctions can be residential under R.C. 2929.26, nonresidential under R.C. 2929.27, or financial under R.C. 2929.28. *See* R.C. 2929.25(A)(1)(b); *see also State v. Cowen*, 167 Ohio App.3d 233, 2006-Ohio-3191, ¶ 25 (2d Dist.). The residential sanctions of confinement to a halfway house or community-based correctional facility can "not [ ] exceed the longest jail term available for the offense." R.C. 2929.26(A)(1); *see also Cowen* at ¶ 27. House arrest, by contrast, is a nonresidential sanction under R.C. 2929.27(A)(2). Unlike 2929.26(A)(1), R.C. 2929.27 does not limit the term of a "nonresidential" sanction to the jail term available for the offense. "[I]f the legislature intended for a sentence of [house arrest] to be the equivalent of a jail term, then it could have inserted the same limitation in R.C. 2929.27, but it did not." *Cowen* at ¶ 27. Thus, a term of house arrest may exceed the maximum jail term, as long as the total community control sanctions do not exceed 5 years.

{¶13} The judgment entry in this case indicates that the house arrest is a portion of the 5 year probation, and not in addition to it. Therefore, the trial court did not abuse its discretion by imposing the house arrest.

{¶14} Pope additionally argues that the trial court did not consider the factors in R.C. 2929.22(B) when sentencing him. "A trial court is presumed to have considered the factors set forth in R.C. 2929.22 'absent an affirmative showing to the contrary.'" *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 4, quoting *State v. Smith*, 9th Dist. Wayne

No. 05CA0006, 2006-Ohio-1558, ¶ 21. *Accord Coryell*, 2009-Ohio-1984, at ¶ 16. When a presentence investigation report is ordered, "[w]e presume that the court utilized the information in the report when issuing its sentence." *Coryell* at ¶ 19. *Accord State v. Chavers*, 9th Dist. Wayne No. 07CA0065, 2008-Ohio-3199, ¶ 11.

{¶15} Pope has not provided this Court with a transcript of his sentencing hearing or a copy of the presentence investigation report. As a result, "we cannot properly review the underlying facts of this case * * * [and] have no choice but to presume the validity of the trial court's sentence." *Chavers* at ¶ 11.

{¶16} Pope's first assignment of error is overruled.

### Assignment of Error Number Two

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT ORDERING THE SEIZURE OF HIS WEAPONS, AMMUNITION AND RELATED ITEMS IN VIOLATION OF OHIO LAW AND THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AND HIS RIGHT AGAINST IMPOSITION OF EXCESSIVE SENTENCES AND RIGHT TO BEAR ARMS.

{¶17} In his second assignment of error, Pope argues that the court improperly ordered his weapons and related items seized "post-sentence." Pope provides the following chronology:

On June 10, 2013, the lower court ordered, post-sentence, the City of Medina Police Department to enter and search the Appellant's residence and secure all firearms, ammunition, and any other weapons at his residence. On June 13, 2013, the Appellant's residence was breached and various items * * * were seized.

On June 20, 2013, the lower court ordered that the items be placed and secured in the property room at the Medina City Police Department. The Appellant has demanded return of his property to no avail.

{¶18} A notice of appeal "shall designate the judgment, order or part thereof appealed from." App.R. 3(D). "An appellate court 'is without jurisdiction to review a judgment or order

that is not designated in the appellant's notice of appeal.'" *Chavers*, 2008-Ohio-3199 at ¶ 14, quoting *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7.

{¶19} Pope designated the March 15, 2013 judgment entry as the order he was appealing. That entry provided that, as a condition of his probation, Pope was "[n]ot to own or possess any firearms or ammunition or any other weapon." Pope has not challenged whether this prohibition was a valid condition of his probation.

{¶20} According to Pope, the Medina City Police entered and searched his residence on June 13, 2013, pursuant to an order dated June 10, 2013. Then, on June 20, 2013, according to Pope, the court ordered that the items removed from his residence be placed and secured in the Medina City Police Department's property room.

{¶21} Pope did not designate the June 10, 2013 or the June 20, 2013 order in his notice of appeal to this Court. *See* App.R. 3(D). In addition, Pope did not file a motion seeking to amend his notice of appeal under App.R. 3(F). Neither the June 10, 2013 nor the June 20, 2013 order was included in the record on appeal to this Court.

{¶22} As Pope's second assignment of error concerns orders that he did not appeal, we are without jurisdiction to review it.

III

{¶23} Pope's first assignment of error is overruled, and we lack jurisdiction to address his second assignment of error. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellant.

GREGORY A. HUBER, Law Director, and RICHARD BARBERA, Assistant Prosecuting Attorney, for Appellee.