[Cite as *State v. Hopson*, 2017-Ohio-2637.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

TORROD C. HOPSON

    Appellant

C.A. Nos.    28207
                 28208
                 28209
                 28210
                 28211

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2010 05 1220
                 CR 2011 01 0081 (B)
                 CR 2011 02 0462 (B)
                 CR 2012 01 0123
                 CR 2012 02 0507

DECISION AND JOURNAL ENTRY

Dated: May 3, 2017

HENSAL, Presiding Judge.

{¶1} Torrod Hopson appeals from the judgment of the Summit County Court of Common Pleas that vacated his sentences for multiple convictions. This Court reverses, and remands the matter for further proceedings consistent with this decision.

I.

{¶2} This consolidated appeal involves five separate criminal cases and the convictions and sentences associated therewith. While each of those criminal cases contained multiple counts, Mr. Hopson ultimately pleaded guilty to one felony count from each case as part of a negotiated plea agreement with the State. Specifically, he pleaded guilty to: two counts of

possession of cocaine; one count of trafficking in cocaine; one count of trafficking in heroin; and one count of failure to register. The failure-to-register count stemmed from a prior juvenile case wherein Mr. Hopson was adjudicated delinquent of a sexually oriented offense, and classified as a juvenile sex offender registrant and a Tier III sex offender.

{¶3} At the sentencing hearing, the State recommended an agreed sentence of eight years of incarceration, which encompassed all five criminal cases. The trial court accepted the plea agreement and imposed the eight-year sentence on June 12, 2012. Relevant to this appeal, three of the eight years reflected Mr. Hopson's sentence for the failure-to-register conviction.

{¶4} Over two years later, Mr. Hopson moved to vacate his conviction for failure to register. The basis of his motion was that, because his classification as a juvenile sex offender registrant was void pursuant to *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, his conviction for failure to register was also void and must be vacated. He, therefore, requested that his eight-year sentence be reduced by three years. The State responded, arguing that Mr. Hopson could not simply have his sentence reduced by three years, and that his only relief would be to "start over in all the cases." Mr. Hopson then filed a notice of supplemental authority, providing the trial court with a copy of the Ohio Supreme Court's decision in *State v. Saxon*, wherein the Court held that:

> [a]n appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense.

109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus.

{¶5} The trial court held a status conference on the motion to vacate, but did not issue an oral ruling. Instead, it issued a written decision, noting that the parties reached the underlying plea agreement after extensive negotiations, that the plea was crafted so that Mr. Hopson would

be eligible for judicial release after five years, and that "[t]he negotiations were so intertwined that there is a strong argument that the State of Ohio would be prejudiced by this Court vacating the sentence in [the failure-to-register case] only." It, therefore, vacated Mr. Hopson's conviction for failure to register, as well as the entire sentence it imposed on June 12, 2012. It then ordered a rehearing on the sentences for the remaining cases. At that hearing, Mr. Hopson indicated that he intended to appeal the trial court's judgment that vacated his entire sentence. As a result, the trial court determined that it would take no further action on the matter. Mr. Hopson now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE SUMMIT COUNTY COURT OF COMMON PLEAS ERRED WHEN IT VACATED TORROD HOPSON'S LAWFUL CONVICTIONS * * *.

{¶6} In his sole assignment of error, Mr. Hopson argues that the trial court lacked authority to vacate any conviction or sentence other than his conviction and sentence for the failure-to-register offense. In response, the State argues that the trial court's judgment was not a final, appealable order.

{¶7} We begin by addressing the issue of finality. The State cites *State v. Lester* for the proposition that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus, citing Crim.R. 32. The State argues that because no sentences have been imposed, the trial court's judgment entry vacating Mr. Hopson's failure-to-register conviction and his entire sentence is not a final, appealable order.

{¶8}    The State's argument ignores Revised Code Section 2505.02(B)(3).  That Section provides that "[a]n order that vacates or sets aside a judgment" is a "final order that may be reviewed, affirmed, modified, or reversed[.]"  Here, the trial court vacated its prior judgment, that is, its judgment of conviction for the failure-to-register offense, as well as the entire sentence it imposed on June 12, 2012.  We, therefore, hold that this case presents a final, appealable order under Section 2505.02(B)(3).  *See State v. Heslop*, 7th Dist. Belmont No. 11-BE-19, 2012-Ohio-5118, ¶ 11 ("In this case, we have a judgment where the court not only accepted appellant's plea but also specifically entered a finding of guilt.  The order appealed from vacated that judgment and, therefore is a final, appealable order pursuant to R.C. 2505.02(B)(3).").

{¶9}    We now turn to the merits of this appeal.  Initially, we note that the State does not contest the trial court's vacation of Mr. Hopson's failure-to-register conviction under Ohio Supreme Court precedent.  We also note that Mr. Hopson's merit brief repeatedly states that the trial court vacated all of his convictions.  The trial court's journal entry, however, vacated his failure-to-register conviction only.  Thus, the only issue this Court is faced with is whether the trial court erred by vacating Mr. Hopson's entire sentence.

{¶10}   Mr. Hopson argues that the Ohio Supreme Court's decision in *State v. Saxon* is directly on point and mandates a reversal of the trial court's judgment.  109 Ohio St.3d 176, 2006-Ohio-1245 ("*Saxon*" or "*Saxon II*").  As Mr. Hopson suggests, the facts in *Saxon* are analogous to this case.  There, the State offered Mr. Saxon a plea agreement, which he accepted.  *State v. Saxon*, 8th Dist. Cuyahoga No. 83889, 2004-Ohio-5017, ¶ 2 ("*Saxon I*").  As a result, he pleaded guilty to two offenses, and the State dismissed the remaining charges.  *Saxon II* at ¶ 2.  Mr. Saxon subsequently appealed one of his sentences, and the State conceded that the trial court

erred with respect to that sentence. *Saxon I* at ¶ 56-57. The Eighth District Court of Appeals then vacated Mr. Saxon's entire sentence and remanded the matter for resentencing. *Id.* at ¶ 57.

{¶11} The Ohio Supreme Court reversed the Eighth District's decision. In doing so, it held that the sentencing-package doctrine, which is used in federal courts, has no application to Ohio's sentencing laws. *Saxon II* at ¶ 10. Instead, "a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense." *Id.* at ¶ 9. Thus, "[a]n appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *Id.* at paragraph three of the syllabus. More simply, "[b]ecause Ohio does not 'bundle' sentences, nothing is 'unbundled' when one of several sentences is reversed on appeal." *Id.* at ¶ 15.

{¶12} We agree that *Saxon* applies and that it is dispositive for purposes of this appeal. As previously noted, Mr. Hopson pleaded guilty to certain offenses and, in return, the State dismissed the remaining charges. Mr. Hopson then moved to vacate his failure-to-register conviction only on the basis that it was void, which the trial court granted. The trial court then vacated Mr. Hopson's entire sentence and ordered a resentencing hearing. *Saxon* makes clear that the trial court had no authority to vacate any sentence other than Mr. Hopson's sentence for the failure-to-register conviction. *Saxon II* at paragraph three of the syllabus. Accordingly, Mr. Hopson's assignment of error is sustained.

### III.

{¶13} Mr. Hopson's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BROOKE M. BURNS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.