[Cite as *State v. Pari*, 2017-Ohio-4165.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT G. PARI

    Appellant

C.A. No.    28098

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015 05 1626(A)

DECISION AND JOURNAL ENTRY

Dated: June 7, 2017

CALLAHAN, Judge.

{¶1} Appellant, Robert Pari, appeals his conviction and sentence from the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} Mr. Pari was arrested and charged with aggravated possession of drugs and possessing drug abuse instruments. The case proceeded to trial and a jury found Mr. Pari guilty of both offenses. The trial court sentenced Mr. Pari to a twenty-four-month period of community control and verbally advised him he could be sentenced to up to twelve months in prison if he violated his community control. Mr. Pari now appeals, raising four assignments of error, which have been reordered for discussion.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN DENYING RULE 29(A) ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE VERDICTS[.]

{¶3}     In his first assignment of error, Mr. Pari argues the trial court erred when it overruled his Crim.R. 29 motion for acquittal and submitted the case to the jury for deliberations when there was insufficient evidence to do so. This Court disagrees.

{¶4}     Whether the evidence in a case is legally sufficient to sustain a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "In essence, sufficiency is a test of adequacy." *Id*. This Court reviews questions of law under a de novo standard. *State v. Trifari,* 9th Dist. Medina No. 08CA0043–M, 2009-Ohio-667, ¶ 12.

{¶5}     "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶6}     Mr. Pari contends, even viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found the essential element of possession as to either offense. Mr. Pari does not challenge the other elements of the offenses. Mr. Pari argues the officer had no personal knowledge that the contraband belonged to him and points out the difference between the arresting officer's police report and his trial testimony. As to the latter

argument, this Court notes that the credibility of a witness is properly addressed under a manifest weight of the evidence analysis, and is done so below.

{¶7} The offense of aggravated possession of drugs is committed when a defendant knowingly obtains, possesses, or uses a Schedule I or II controlled substance. R.C. 2925.11(A) and (C)(1).

{¶8} The offense of possessing drug abuse instruments is committed when a defendant "knowingly * * * possess[es], or use[s] any instrument, article, or thing the customary and primary purpose of which is for the administration or use of a dangerous drug, * * *, when the instrument involved is a hypodermic or syringe, * * *, and the instrument, * * * involved has been used by the offender to unlawfully administer or use a dangerous drug, * * *, or to prepare a dangerous drug, * * *, for unlawful administration or use." R.C. 2925.12(A).

{¶9} Possession or possess "means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶10} It is well settled that "'a person may knowingly possess a substance or object through either actual or constructive possession.'" *State v. See*, 9th Dist. Lorain No. 08CA009511, 2009-Ohio-2787, ¶ 10, quoting *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16. "'Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical

possession.'" *State v. Reis*, 9th Dist. Summit No. 26237, 2012-Ohio-2482, ¶ 7, quoting *State v. Kendall,* 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 14, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. As this Court recognizes, "'[t]he crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it.'" *Reis* at ¶ 7, quoting *State v. Graves*, 9th Dist. Lorain No. 08CA009397, 2011-Ohio-5997, ¶ 15, quoting *State v. Ruby*, 149 Ohio App.3d 541, 2002-Ohio-5381, ¶ 30 (2d Dist.). Nevertheless, "constructive possession may be inferred from the drugs' presence in a usable form and in close proximity to the defendant." *State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 8, citing *State v. Thomas*, 9th Dist. Summit No. 21251, 2003-Ohio-1479, ¶ 11. "Circumstantial evidence is itself sufficient to establish dominion and control over the controlled substance." *Hilton* at ¶ 16.

{¶11} On May 18, 2015, Trooper Neil Laughlin effected a traffic stop on a pickup truck in which Mr. Pari was the front seat passenger. Mr. Pari and the driver were both nervous and acting fidgety. According to the trooper, Mr. Pari's nervousness was extreme and, in his experience, consistent with people who have something to hide or are engaged in some type of criminal activity. A subsequent search of the interior of the vehicle revealed a purse in the center of the bench seat which contained female items as well as hydromorphone pills and two loaded syringes. In the bed of the truck, directly behind the passenger seat, was a black leather fanny pack containing motorcycle goggles, a cell phone charger, a Trojan condom, rolling papers, a syringe, a finger of a latex glove which contained 24 hydromorphone pills and another piece of rubber which contained cathinone (bath salts). The truck was registered to Mr. Pari. The female driver took ownership of the purse and its contents and told Trooper Laughlin the fanny pack and its contents belonged to Mr. Pari.

{¶12}     Trooper Laughlin compared the lot number and expiration date of the condom in the fanny pack to two condoms that were found in Mr. Pari's pocket during a pat down search and found them to be identical. He later researched the Trojan web site and learned that each box of condoms has its own lot number, and concluded that the three condoms came from the same box. According to the trooper, Mr. Pari did not want the driver to know he had condoms. The trooper plugged the phone charger that was in the fanny pack into Mr. Pari's flip phone and found that it fit the phone. Mr. Pari told the trooper he had driven a motorcycle earlier that day but he did not take ownership of the goggles.

{¶13}     Mr. Pari's charges were based solely on the items found in the fanny pack and not on any of the contraband found in the purse.

{¶14}     Based upon the statement of the driver, Mr. Pari's nervous demeanor, the location of the fanny pack in proximity to Mr. Pari, the fact that the truck was registered to Mr. Pari, the nature of the items contained within the fanny pack, the trooper's subsequent follow-up regarding the condoms and the phone charger, and Mr. Pari's admission that he rode a motorcycle earlier that day, applying the definitions set forth above and viewing the evidence in a light most favorable to the prosecution, any rational finder of fact could have found beyond a reasonable doubt that the fanny pack and its contents belonged to Mr. Pari, and that Mr. Pari knew the fanny pack was behind him in the bed of the truck and was aware of its contents. Furthermore, although the fanny pack was not on Mr. Pari's person or immediately near him, any rational finder of fact could have found beyond a reasonable doubt that Mr. Pari constructively possessed the fanny pack and its contents and that he exercised dominion and control over the items. Accordingly, this Court concludes that Mr. Pari's convictions are supported by sufficient evidence.

{¶15} Mr. Pari's reliance on *State v. Delrossi,* 9th Dist. Summit No. 26943, 2014-Ohio-4457, is misplaced. In that case, this Court focused on the date in the indictment and found that the evidence put forth by the State did not sufficiently point to defendant's involvement during that time period. *Id.* at ¶ 24-26. No such issue exists here. Accordingly, Mr. Pari's first assignment of error is overruled.

## ASSIGNMENT OF ERROR THREE

THE VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶16} In his third assignment of error, Mr. Pari argues the manifest weight of the evidence does not support his convictions. This Court disagrees. Again, Mr. Pari only challenges the element of possession.

{¶17} This Court has explained that

[i]n determining whether a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence concerns whether a greater amount of credible evidence supports one side of the issue more than it supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, "the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*., quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases in which the evidence weighs heavily against the conviction. *Otten* at 340.

{¶18} A thorough review of the record indicates that this is not the exceptional case where the evidence weighs heavily in favor of Mr. Pari. Based upon the testimony recounted above, there were significant indicia of his ownership of the fanny pack and the items within. The trooper was the sole witness presented during the trial. During cross-examination trial counsel attempted to discredit the State's theory by challenging the trooper's failure to check if the phone charger fit into the driver's phone, and by pointing out that the size of the waist strap on the fanny pack was more consistent with being worn by a female. Counsel also elicited that most persons stopped by the trooper display some level of nervousness and that Mr. Pari did not identify the goggles as belonging to him, but merely said they looked like a pair he owns. Counsel challenged the credibility of the trooper by pointing out facts to which he testified that were not contained in his report, most importantly, the exact words used by the driver to incriminate Mr. Pari. Counsel offered the theory that the contraband in the fanny pack belonged to the driver.

{¶19} This Court recognizes that "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly," *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15, and will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version. *State v. Tabassum*, 9th Dist. Summit No. 25568, 2011-Ohio-6790, ¶ 27.

{¶20} Having reviewed the record, this Court cannot say the jury clearly lost its way and created a manifest miscarriage of justice in choosing the State's version of the events. The weight of the evidence supports the conclusion that Mr. Pari knowingly, constructively possessed the drugs and the syringe contained within the fanny pack.

{¶21} Accordingly, Mr. Pari's convictions for aggravated possession of drugs and possessing drug abuse instruments are not against the manifest weight of the evidence. The third assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GIVING A MISLEADING AND PREJUDICIAL JURY INSTRUCTION ON CONSTRUCTIVE POSSESSION[.]

{¶22} In his second assignment of error, Mr. Pari contends the trial court erred in giving a misleading, prejudicial jury instruction on constructive possession. Although a timely objection to the constructive possession jury instruction was made, trial counsel offered no alternative instruction. Mr. Pari contends the constructive possession instruction should not have been given and that the instruction that was given was misleading.

{¶23} Mr. Pari advances several arguments in support of his position. First, he argues the instruction should not have been given "in the narrow facts of this case." (Emphasis deleted.) Next, Mr. Pari argues the instruction was confusing and prejudicial because the concept of authority over the object was not addressed in the charge. Finally, Mr. Pari argues the constructive possession instruction "is dangerous from a policy perspective" in that a defendant who is near drugs, but not aware of the drugs' presence, could be found guilty. This Court disagrees.

{¶24} "A trial court has broad discretion to decide how to fashion jury instructions, but it must 'fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.'" *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 46, quoting *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. In line with this requirement, jury instructions must "present a correct,

pertinent statement of the law that is appropriate to the facts." *White* at ¶ 46, citing *State v. Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767, ¶ 5 and *State v. Lessin*, 67 Ohio St.3d 487, 493 (1993). When, as here, a timely objection to the inclusion of the jury instruction was made, this Court reviews whether the challenged jury instruction complied with this requirement by applying an abuse of discretion standard. *See State v. Norris*, 9th Dist. Lorain No. 14CA010699, 2015-Ohio-5180, ¶ 25. An abuse of discretion is more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶25} As to Mr. Pari's first argument, he does not identify the "narrow facts" to which he refers, but seems to suggest the fact that the State presented only one witness. However, the jury was clearly instructed that they were not required to believe any witness simply because he was under oath and that they could believe all or part or none of the testimony of a witness. As previously stated, this Court recognizes that "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *Johnson*, 2010-Ohio-3296, ¶ 15.

{¶26} Mr. Pari relies on R.C. 2925.01(K) in support of his assertion that inherent in the notions of dominion and control is some authority over the objects, not merely the ability to access it. Therefore, the instruction should have included the concept of authority.

{¶27} In its entirety, R.C. 2925.01(K) states: "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or

substance through ownership or occupation of the premises upon which the thing or substance is found." The word "authority" does not appear in this section.

{¶28} The trial court gave the following instruction on constructive possession:

> A person may knowingly possess a substance or object through either actual or constructive possession. Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate possession. Circumstantial evidence is sufficient to support the elements of constructive possession. *Some facts standing alone, such as access to drugs, are insufficient to establish constructive possession on their own,* but when viewed together, these factors may constitute circumstantial evidence that demonstrates constructive possession. The crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion and control over it.

(Emphasis added.)

{¶29} A review of the record and the instruction given by the trial court shows that the constructive possession instruction was a correct statement of the law and applicable to the facts of this case. Further, Mr. Pari's argument ignores the necessary element of knowingly and the court's instruction as to that term. "It is presumed that the jury will follow the court's instructions." *State v. Manor*, 9th Dist. Summit No. 14376, 1990 WL 73651, *1 (May 30, 1990).

{¶30} As to Mr. Pari's policy argument, he provides no appellate rule or case law suggesting that this Court is permitted to conduct a such review. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶31} Mr. Pari's second assignment of error is overruled.

### ASSIGNMENT OF ERROR FOUR

> THE TRIAL COURT ERRED BY IMPOSING ONE SENTENCE OF COMMUNITY CONTROL FOR MULTIPLE CONVICTIONS; THE SENTENCE IS CONTRARY TO LAW.

**{¶32}** In his fourth assignment of error, Mr. Pari contends the trial court's sentence is contrary to law. This Court agrees.

**{¶33}** Initially, this Court notes that the State filed a Motion to Dismiss or for Remand early in the appeal process based upon the absence of a misdemeanor sentence in the sentencing journal entry. This Court denied the State's motion, citing *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 14, but left open the possibility that the issue may be revisited upon the final disposition of the appeal.

**{¶34}** This Court has consistently held that "'a Journal Entry must dispose of all charges brought in a single case against a defendant in order to be final.'" *State v. Abel*, 9th Dist. Lorain No. 08CA009310, 2008-Ohio-4938, ¶ 8, quoting *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 13. The facts of this case suggest that during the sentencing hearing the trial judge actually imposed a sentencing-package of a single community control sentence for both the felony and the misdemeanor charges. Although the trial judge did not impose a jail sentence for the misdemeanor conviction, when asked by the prosecutor if any time was going to be suspended, the trial judge said, "I sentenced him to community control so if he screws up he comes back and gets sentenced." Because there is technically a sentence for each count, the judgment entry is a final, appealable order.

**{¶35}** Nonetheless, the Ohio Supreme Court has held it is error to impose a sentencing-package on multiple counts. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9-10; *see State v. Hopson*, 9th Dist. Summit Nos. 28207, 28208, 28209, 28210, 28211, 2017-Ohio-2637, ¶ 10. Under Ohio law, a "judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses." *Saxon* at ¶ 9. Instead, the judge "must consider each offense individually and impose a separate sentence for each offense." *Id.*

{¶36}  In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶37}  During the sentencing hearing the trial judge said "the court is going to sentence Mr. Pari to a term of two years of community control * * *." After discussing several other matters the trial judge went on to state, "If you violate probation, the court could impose a more serious sanction including sending you to prison for *up to 12 months* on your felony of the fifth degree, aggravated possession of drug charge." (Emphasis added.)

{¶38}  The sentencing journal entry filed on December 31, 2015 orders "that the Defendant be sentenced to twelve (12) months of incarceration, suspended, upon the condition that the Defendant complete 2 years of community control." The only reference to the misdemeanor offense of possessing drug abuse instruments is the guilty plea.[1]

{¶39}  Pursuant to R.C. 2929.19(B)(4) a trial court sentencing an offender to a community control sanction "shall indicate the specific prison term that may be imposed as a sanction for the violation" at the time of the sentencing. Pursuant to R.C. 2929.15(B)(3) if a court imposes a prison term after an offender violates community control the prison term "shall not

---

[1] The sentencing journal entry also states Mr. Pari's "plea was accepted." While Mr. Pari did not raise this issue and this Court finds any error harmless, the entry should be corrected to reflect language consistent with a jury trial.

exceed the prison term specified in the notice provided * * * at the sentencing hearing." The fact that the journal entry stated Mr. Pari would be sentenced to "twelve (12) months of incarceration, suspended" was not adequate to put him on notice for the purposes of R.C. 2929.19(B)(4). The requirement of a statutorily defined notification upon sentencing of an offender to a community control sanction is not satisfied by notification given in the trial court's journal entry issued after sentencing. *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 15, 18.

{¶40} The felony sentence in this matter is clearly and convincingly contrary to law. Additionally, the imposition of the sentencing-package on the felony and misdemeanor is error. For both of these reasons, the matter must be remanded for resentencing. Because this decision is dispositive, this Court need not address Mr. Pari's R.C. 2929.12 argument. Mr. Pari's fourth assignment of error is sustained.

### III.

{¶41} Mr. Pari's first, second, and third assignments of error are overruled. Mr. Pari's fourth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for the limited purpose of resentencing.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.