[Cite as *State v. Gordon*, 2018-Ohio-4196.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28943 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLESTEN EMANUEL GORDON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR-2017-01-0337-A |

DECISION AND JOURNAL ENTRY

Dated: October 17, 2018

CARR, Judge.

**{¶1}** Appellant, the State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

**{¶2}** Appellee, Charlesten Gordon, was charged with aggravated robbery, a first-degree felony, and felonious assault, a second-degree felony. He signed a written plea agreement wherein he agreed to plead guilty to the felonious assault count and an amended count of robbery, a second-degree felony. The parties agreed that he would undergo a pre-sentence investigation report ("PSI") and, at sentencing, they would be "free to argue." Consistent with their agreement, the trial court accepted Gordon's guilty plea, ordered a PSI, and set the matter for sentencing. It also ordered Gordon to undergo screening for placement into the Community Based Correctional Facility ("CBCF").

{¶3} At the sentencing hearing, defense counsel notified the court that Gordon had been found eligible for CBCF. He asked the court to place Gordon on community control and, if necessary, order him to complete CBCF. Meanwhile, the State asked the court to impose a prison term of at least two years upon Gordon due to the severity of his offense. After hearing from the attorneys, Gordon's family members, and Gordon, the court decided against sentencing Gordon to prison. Instead, it ordered him to complete CBCF and serve three years of community control. In doing so, it noted that it would impose consecutive prison terms upon Gordon, should he violate any of the terms of his community control.

{¶4} The State appealed from the trial court's decision to sentence Gordon to community control rather than prison. The matter was submitted for decision, but, upon our initial review, we deemed it necessary to afford the parties an opportunity to brief two related issues. *See State v. Gordon*, 9th Dist. Summit No. 28943 (Aug. 23, 2018). Both parties were given a timeframe within which to respond. Ultimately, only the State elected to file a supplemental brief.

{¶5} The State's appeal is now before this Court and raises a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW.

{¶6} In its sole assignment of error, the State argues that the trial court erred when it sentenced Gordon to community control for his second-degree felonies. The State argues that his sentence is contrary to law because the court imposed it without making certain statutory findings. Alternatively, it argues that his sentence is contrary to law because it is premised upon

inconsistent statutory findings. For the following reasons, we sustain the State's assignment of error.

**{¶7}** In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

**{¶8}** If an offender commits a first- or second-degree felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C.] 2929.11 * * *." R.C. 2929.13(D)(1).

> Notwithstanding [that] presumption * * * *, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term * * * if it makes both of the following findings:
>
> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under [R.C.] 2929.12 * * * indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
>
> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under [R.C.] 2929.12 * * * that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2). "A trial court at sentencing is required to make judicial findings [] for a downward departure pursuant to R.C. 2929.13(D) * * *." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph one of the syllabus.

{¶9} If a defendant violates community control, a trial court may order him to serve a prison term. R.C. 2929.19(B)(4). The court must inform the defendant, at the sentencing hearing, of "the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C.] 2929.14 * * *." *Id. Accord State v. Pari*, 9th Dist. Summit No. 28098, 2017-Ohio-4165, ¶ 39. R.C. 2929.14 addresses the prison terms applicable to various offenses as well as the statutory findings a court must make before imposing consecutive prison terms. *See* R.C. 2929.14(C)(4). Relevant to this appeal, before a court may impose a consecutive sentence, it must find that consecutive terms "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." R.C. 2929.14(C)(4).

{¶10} Because Gordon pleaded guilty to two second-degree felonies, there existed for him a statutory presumption in favor of prison. *See* R.C. 2929.13(D)(1). Consistent with that presumption, the State asked the court to sentence him to at least two years in prison. The State stressed the severity of his offenses, noting that the victim was only fifteen and, as a result of the incident, suffered a broken jaw and had to have metal plates and screws placed in his head. Meanwhile, defense counsel stressed Gordon's relative lack of a criminal history, his remorse for the incident, and his focus on getting his life back on track. Defense counsel asked the court to place Gordon on community control and to order him to participate in CBCF, if necessary. Gordon then spoke on his own behalf, as did his mother and one of his brothers.

{¶11} The trial court noted that Gordon had attacked the victim over a grudge he had held for several years. It described his behavior as "heinous" as well as a "childish, immature, impulsive thing to do." The court informed Gordon that his offenses carried a presumption of prison, "[a]nd to overcome that, the Court [had] to consider some significant things." It noted that it had reviewed Gordon's PSI and that he had a minimal criminal history. It then informed Gordon that it "want[ed] to believe that [he] [had] changed," so it was giving him "one chance to prove that." The court stated that Gordon would be subject to three years of community control, as well as CBCF,

> [b]ased on the facts and circumstances and in consideration of all relevant sentencing factors, and applying the minimum sanction that the Court has determined will protect the public and also punish the offender without imposing any unnecessary burden on State or local resources, and finding that community control in this situation does not demean the seriousness of the offense * * *.

Likewise, in its written judgment entry, the court wrote that it had fashioned Gordon's sentence upon consideration of: (1) the arguments and evidence before it, (2) the principles and purposes of sentencing contained within R.C. 2929.11, and (3) the seriousness of the offense and the recidivism factors contained within R.C. 2929.12. The court cautioned Gordon both at the sentencing hearing and in its judgment entry that, if he violated community control, it would sentence him to prison and impose consecutive terms due to the seriousness of his conduct and "the serious physical harm that was caused." In its judgment entry, the court wrote that consecutive terms were "not disproportionate to the seriousness of [Gordon's] conduct and to the danger [he] poses to the public; the victim suffered serious physical harm * * *."

{¶12} The State argues that Gordon's sentence is contrary to law because the trial court deviated from the statutory presumption in favor of prison without making the findings set forth in R.C. 2929.13(D)(2)(a) and (D)(2)(b). According to the State, the court never found that a

community control sanction would not demean the seriousness of Gordon's offense and "the record is devoid of any information that would support such a finding." Alternatively, it argues that Gordon's sentence is contrary to law because it is premised upon inconsistent statutory findings.[1] The State avers that the court rendered inconsistent findings when it found that community control would not demean the seriousness of Gordon's offense, but, if he violated its terms, the seriousness of his conduct warranted the imposition of consecutive prison terms.

{¶13} The record does not support the State's contention that the trial court failed to make the required findings under R.C. 2929.13(D)(2). As noted, the court specifically found that "community control in this situation does not demean the seriousness of the offense * * *." *See* R.C. 2929.13(D)(2)(b). It also specifically found that it had fashioned a sentence that would protect the public while punishing Gordon and not imposing an unnecessary burden on the State. *See* R.C. 2929.13(D)(2)(a). When addressing Gordon, the court made a point of indicating that there were items it had to consider in order to overcome the presumption of prison that his offenses carried. Moreover, in its written judgment entry, the court noted that it had fashioned Gordon's sentence upon consideration of: (1) the arguments and evidence before it, (2) the principles and purposes of sentencing contained within R.C. 2929.11, and (3) the seriousness of the offense and the recidivism factors contained within R.C. 2929.12. The record, therefore, supports the conclusion that the court was aware of the statutory presumption in favor of prison, as well as the findings it had to make to overcome that presumption. It also supports the conclusion that the trial court made the required statutory findings. *See* R.C. 2929.13(D)(2). To the extent the State argues otherwise, its argument lacks merit. We do find merit, however, in

---

[1] The State's argument on this point stems from additional issues that this Court identified and gave both parties the opportunity to brief. *See State v. Gordon*, 9th Dist. Summit No. 28943 (Aug. 23, 2018).

the State's alternative argument that Gordon's sentence rests upon wholly inconsistent statutory findings.

{¶14} As noted, a court may deviate from the statutory presumption in favor of prison only if it finds that community control "would not demean the seriousness of the offense * * *." R.C. 2929.13(D)(2)(b). Factors set forth in R.C. 2929.12 guide the court's determination on this point, as they outline when an offender's conduct is "less serious" or "more serious" than conduct normally constituting the offense. *Id.*, citing R.C. 2929.12. One of the "more serious" factors is that the victim "suffered serious physical * * * harm as a result of the offense." R.C. 2929.12(B)(2). The "less serious" factors include that the offender acted "under strong provocation" or did not cause or expect to cause the victim physical harm. R.C. 2929.12(C)(1)-(4).

{¶15} Though the trial court did not specifically address the individual factors outlined in R.C. 2929.12 when fashioning Gordon's sentence, it expressly found that a sentence of community control would not demean the seriousness of his offense. *See State v. Cobb*, 9th Dist. Medina No. 13CA0087-M, 2014-Ohio-3530, ¶ 12, quoting *State v. Bigley*, 9th Dist. Medina No. 08CA0085-M, 2009-Ohio-2943, ¶ 14. It then determined, however, that consecutive prison terms would be warranted for a violation of that community control. The court described Gordon's actions as "heinous" and found that he attacked the victim due to a long-standing grudge. It further found that the victim was only "a 15-year-old kid" at the time and "suffered serious physical harm" as a result of the attack. Consequently, it found that consecutive terms were "not disproportionate to the seriousness of [Gordon's] conduct and to the danger [he] pose[d] to the public." *See* R.C. 2929.14(C)(4).

**{¶16}** Under these particular facts and circumstances, the record contains clear and convincing evidence that the trial court's sentencing entry is contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1. That is because, on its face, the entry contains wholly inconsistent statutory findings. *See generally Bigley* at ¶ 14, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34 (sentence contrary to law if "'strikingly inconsistent' with the statutory factors as they apply to [the offender's] case"). The court's finding that a deviation from the presumption in favor of prison would not demean the seriousness of Gordon's offense is inconsistent with its finding that the seriousness of his conduct warranted the imposition of consecutive prison terms. Both findings rested upon the seriousness of Gordon's conduct, particularly in light of the serious physical harm to the victim. Thus, the two statutory findings are irreconcilable, and we cannot conclude that Gordon's sentence is sound as a matter of law.

**{¶17}** In this unique circumstance, this Court deems it appropriate to vacate Gordon's sentence and remand this matter for the trial court to apply the correct statutory factors and resentence Gordon in a manner that comports with the applicable law. *See State v. Bracy*, 9th Dist. Lorain Nos. 15CA010788, 15CA010795, 2016-Ohio-7536, ¶ 21. The State's sole assignment of error is sustained on that basis.

III.

**{¶18}** The State's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings in accordance with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

RHONDA KOTNIK, Attorney at Law, for Appellee.